**Bernard Samuel MAXWELL, Appellant,**

**v.**

**The STATE of Texas.**

**No. 0359–01.**

Court of Criminal Appeals of Texas, En Banc.

April 17, 2002.

Bruce W. Cobb, Beaumont, for appellant.

Philip Babin, Assist. DA, Beaumont, for state.

### OPINION

JOHNSON, J., delivered the unanimous opinion of the Court.

Appellant was convicted of possession of marijuana and sentenced to 20 years in the Texas Department of Criminal Justice-institutional division. On appeal, appellant challenged, among other issues, the validity of the consent to the search of the trailer which revealed a large quantity of marijuana. The court of appeals affirmed appellant's conviction. We granted review on the validity of the consent to search.

Appellant owned and operated a tractor-trailer rig. On September 12, 1997, two officers in the narcotics division of the City of Beaumont Police Department stopped appellant's rig because it was following another vehicle too closely. At the time of the stop, appellant's employee, Claude Dawkins, was driving the vehicle. One of the officers approached the vehicle and motioned for Dawkins to get out of the cab and go to the rear of the trailer. Dawkins showed the officer his commercial driver's license. The officer then asked to see the bill of lading, the vehicle's registration, and Dawkins' log book.

The bill of lading indicated that the rig's load had originated in the McAllen Edinburg area, with the final destination listed as the Bronx, New York. The officer noticed that the truck had been loaded at noon on the previous day. This made him suspicious because he believed that, based on entries in Dawkins' log book which documented all of the stops the vehicle made between McAllen and Beaumont, the truck should have passed through Beaumont many hours earlier. The officer accompanied Dawkins to the front of the truck to get an inspection report from an earlier stop. He then noticed a second person, who was subsequently identified as appellant, in the cab of the truck. Dawkins and the officer returned to the rear of the truck. Appellant remained inside the cab.[1]

While questioning Dawkins, the officer learned that appellant owned the vehicle, rented the trailer, and employed Dawkins as a driver. The officer then asked Dawkins if he could see the cargo that they were carrying. Dawkins consented to the search of the trailer and opened the doors, which were already unlocked. The rig was carrying a load of limes that were in crates and loaded on pallets. When the officer got into the rear of the trailer, he observed footprints and indentations on the top of the crates. The officer approached the area where the footprints stopped and noticed several brown cardboard boxes underneath the white boxes that held the limes. In these boxes, the officer discovered 497.42 pounds of marijuana.

Appellant filed a motion to suppress the marijuana, arguing that Dawkins lacked authority to consent to the search. Appellant asserts that the search of his tractor-trailer rig violated his rights under the state and federal constitutions and under Article 38.23 of the Texas Code of Criminal Procedure[2] because the officers did not have valid third-party consent sufficient to authorize a warrantless search of the trailer. He also argues that, because Dawkins was his employee and because appellant was present at the scene, Dawkins lacked authority to consent to the search. Appellant further contends that, because the officer knew before asking for permission to search that Dawkins was only an employee, the officer's "intentional bypass" of appellant, who had greater authority, rendered the search invalid.

1. There is some dispute in the record as to whether appellant was free to leave the cab of the truck. Appellant says that the officer told him to stay in the cab, and the officer says that appellant was free to leave the cab, walk to the back of the truck, and inform the officers that he did not consent to the search. The trial court did not make findings on this matter, but it can be assumed, based on its ruling on appellant's motion to suppress, that the court found the officer's testimony more credible.

2. Article 38.23 of the Code of Criminal Procedure states that evidence gained in violation of the federal constitution or the Texas State Constitution shall not be admitted in evidence against an accused in the trial of any criminal case.

■ Consent to search is one of the well-established exceptions to the constitutional requirements of both probable cause and a warrant. *Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S.Ct. 2041, 2043–44, 36 L.Ed.2d 854 (1973); *Carmouche v. State,* 10 S.W.3d 323, 331 (Tex.Crim.App. 2000). The validity of an alleged consent to search is a question of fact to be determined from all the circumstances. *Ohio v. Robinette,* 519 U.S. 33, 40, 117 S.Ct. 417, 421, 136 L.Ed.2d 347 (1996); *Allridge v. State,* 850 S.W.2d 471, 493 (Tex.Crim.App. 1991). The federal constitution requires the state to prove the validity of the consent by a preponderance of the evidence; the Texas Constitution requires the state to show by clear and convincing evidence that the consent was valid. *Carmouche,* 10 S.W.3d at 331.

■ At a suppression hearing, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses and their testimony. *Allridge,* 850 S.W.2d at 493. The appropriate standard for reviewing a trial court's ruling on a motion to suppress is a bifurcated standard of review, giving almost total deference to a trial court's determination of historical facts and reviewing *de novo* the court's application of the law. *Carmouche* at 327, *citing Guzman v. State,* 955 S.W.2d 85 (Tex.Crim.App.1997). In this case, the trial court did not make explicit findings of fact, so we will, therefore, review the evidence in a light most favorable to the trial court's ruling. *See State v. Ballard,* 987 S.W.2d 889 (Tex.Crim.App.1999).

■ In his first and third grounds for review, appellant contends that the search of the vehicle and the seizure of the marijuana violated the federal and state constitutions and Article 38.23 of the Code of Criminal Procedure and that Dawkins' consent to search was invalid. Specifically, appellant claims that his employee lacked the authority to consent to the search of the rig because appellant was present at the scene and, as the owner, he had a superior privacy interest in the tractor and trailer.

■ A third party may properly consent to a search when he or she has equal control over and authority to use the premises being searched. *United States v. Matlock,* 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974); *Becknell v. State,* 720 S.W.2d 526, 528 (Tex.Crim.App. 1986). The Supreme Court of the United States has explained, and this Court has agreed, that the concept of common authority is not to be implied merely from the existence of a property interest that a third party may have in the property being searched.[3] *Matlock,* 415 U.S. at 171, n. 7, 94 S.Ct. at 993, n. 7; *Boyle v. State,* 820 S.W.2d 122, 142 (Tex.Crim.App.1989)(*Opinion On State's Motion Rehearing* ). Nor is a legal property interest dispositive in determining whether a third party has the authority to consent to a search; common authority derives from the mutual use of the property, not the ownership or lack thereof. *Matlock* at 171, 94 S.Ct. 988, *Boyle,* 820 S.W.2d at 142. It is this mutual use that leads to a finding that a third party has the right to permit the inspection of the relevant property and that others with an equal or greater interest in the property have assumed the risk that, through the grant of permission to use, the third party

---

**3.** For example, a landlord typically cannot validly consent to the search of a house that he has rented to another, *See e.g. Chapman v. United States,* 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961), and a hotel clerk cannot validly consent to the search of a room that has been rented to a customer, *See e.g. Stoner v. California,* 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964).

might permit the property to be searched. *Matlock* at 171, 94 S.Ct. 988, *Boyle* at 142.

It is undisputed that appellant employed Dawkins to drive the rig. This employment gave Dawkins mutual use and control of the rig while he was driving. Both Dawkins and appellant kept a driver's log book and had access to the vehicle's registration. Dawkins maintained control over the keys to the rig while he was driving and was able to access the tractor, trailer, and cargo without assistance or permission from appellant. He knew when the rig had previously been inspected and weighed and he also knew the rig's final destination. Appellant conceded mutual use and control at the suppression hearing when he testified that, when the rig is being operated by a co-driver such as Dawkins, that driver is "in charge of the truck." When performing his duties, the employee is also an agent of an employer. *See e.g. Vigil v. State,* 148 Tex.Crim. 91, 184 S.W.2d 926, 927 (1945). It was, therefore, reasonable for the officer to believe that Dawkins, as appellant's employee and the driver of the rig when it was stopped, had mutual control of the rig and therefore had the authority to consent to the search. The court of appeals did not, therefore, err in finding that Dawkins had equal control over and use of the rig at the time it was stopped by the Beaumont Police. Appellant's ownership and presence, without some affirmative act on his part to show a refusal to consent to the search or to withdraw Dawkins' authority, did not serve to diminish this control. We hold that, under these circumstances, Dawkins had valid authority to consent to the search of the rig. We overrule grounds for review one and three.

■ In his second ground for review, appellant claims that Dawkins' consent to search should be rendered invalid as a matter of law because the Beaumont Police "intentionally bypassed" a person who was present and was known by authorities to possess a superior privacy interest. As discussed above, mere ownership of the rig did not necessarily give appellant a superior privacy interest. Based on the information gathered by the trial court at the suppression hearing, we conclude that the state adequately showed, by clear and convincing evidence, that the consent to search was obtained from a third party who possessed a sufficient relationship to the vehicle at the time the police sought to inspect it. This showing meets the requirements of both the state and federal constitutions. *Carmouche,* 10 S.W.3d at 331.

We do not address what the outcome might be had Dawkins not been operating the vehicle at the time of the stop, had appellant affirmatively withdrawn any actual or apparent authority from Dawkins, or had appellant himself expressly refused to consent to the search. Under the facts as they were developed at the suppression hearing, we cannot say that the trial court erred in finding valid third-party consent and admitting the evidence that was discovered in the rig. Accordingly, we overrule ground for review two.

The judgment of the court of appeals is affirmed.