NUMBER
13-01-00400-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

 

JUDY KAY McHUGH,                                                          Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

 

                       On
appeal from the County Court at Law

                               of San Patricio
County, Texas.

 

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                 Opinion by
Justice Hinojosa

 








A jury found appellant,
Judy Kay McHugh, guilty of misdemeanor possession of marihuana, and the trial
court assessed her punishment at 180 days confinement in the county jail and an
$800 fine.  However, the trial court
suspended the confinement and placed appellant on community supervision for one
year.  In a single issue, appellant
contends the trial court erred in failing to grant her motion to suppress the
marihuana.  We affirm.

A.  Background  

At approximately 1:00
a.m. on October 27, 2000, Deputy Arnold Guerra of the San Patricio County
Sheriff=s Department observed
appellant driving with her headlights on high beam.  As Deputy Guerra approached her head on,
appellant failed to dim her lights, and he pulled her over.  Deputy Guerra determined that appellant=s driver=s license was both
expired and suspended.  Appellant had a
partially-consumed quart bottle of beer in the car, in plain view of Deputy
Guerra.  Because he suspected appellant
might be intoxicated, Deputy Guerra administered a field sobriety test.  The test showed appellant was not
intoxicated.

Appellant gave Deputy
Guerra consent to search her car, but attempted to retrieve her purse from the
car before Deputy Guerra could search it. 
Deputy Guerra considered this activity suspicious and searched the
purse, finding a small quantity of marihuana, a pipe, and screens for the pipe.


In her motion to
suppress the marihuana, appellant claimed that Deputy Guerra had violated her
constitutional and statutory rights under: 
(1) the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United
States Constitution; (2) article I, sections 9, 10 and 19 of the Texas
Constitution; and (3) article 38.23 of the Texas Code of Criminal
Procedure.  At the hearing on the motion,
Deputy Guerra testified appellant had given him consent to search the purse,
and appellant testified that she had not consented.  The trial court suppressed all oral
statements made by appellant while in custody, but refused to suppress the
marihuana.

B.  Analysis








In her sole issue,
appellant contends the trial court erred in refusing to grant her motion to
suppress the evidence.  Appellant asserts
she did not consent to the search of her purse, and the State did not fulfill
its burden of showing probable cause for the warrantless search of the
purse.  Thus, appellant argues, the
marihuana was the product of an illegal search.

The standards of
appellate review for motions to suppress are set forth in Guzman v.  State, 955 S.W.2d 85, 89 (Tex.  Crim. App. 
1997).  The appropriate standard
of review depends on the exact issues presented; Guzman recognizes three
different categories and provides the appropriate standard of review for
each.  Id.  Where the issue presented involves the trial
court=s determination of
historical facts supported by the record, especially those in which the fact
findings are based on an evaluation of credibility and demeanor, the appellate
courts should afford almost total deference to the trial court=s determination.  Id. 
Where the issue presented involves the trial court=s rulings on Aapplication of law to
fact questions,@ also known as Amixed questions of law
and fact,@ and where the
resolution of those ultimate questions turns on an evaluation of credibility
and demeanor, the appellate court should again afford almost total deference to
the trial court=s rulings.  Id. 
Where the issue presented involves Amixed questions of law
and fact@ which do not fall into
the second category, that is, do not turn on an evaluation of credibility and
demeanor, then de novo review is appropriate.  Id. 
However, the reviewing court should still afford deference to the trial
court on the subsidiary factual questions which fall into the first
category.  Id. 








In most cases, an
appellate court=s review of a ruling on
a motion to suppress will be under a bifurcated standard B the historical
determinations made by the trial court will be accorded almost total deference
and the application of the law to the facts will be analyzed under a de novo
standard of review.  State v.  Ross, 32 S.W.3d 853, 856 (Tex.  Crim. 
App.  2000).  When the evidence is controverted, the
appellate court should give almost total deference to the trial court=s determination of
historical facts but should review de novo the application of the law to
those facts.  Guzman, 955 S.W.2d
at 89.

In the instant case, the
trial court failed to file findings of fact. 
When a trial court fails to file findings of fact, we review the
evidence in the light most favorable to the trial court=s ruling and assume that
the trial court made implicit findings of fact that support its ruling as long
as those findings are supported by the record. 
Ross, 32 S.W.3d at 855.  If
the trial court=s decision is correct on
any theory of law applicable to the case, the decision will be sustained.  Id. 
at 856.

At the hearing on the
motion to suppress, appellant testified she gave Deputy Guerra consent to
search the vehicle but did not consent to his search of the purse containing
the marihuana.  Deputy Guerra testified
appellant consented to the search of the purse. 
No other evidence was presented on the consent issue.  Thus, we conclude the trial court=s sole criteria for
determining whether there was consent to the search was the respective demeanor
and credibility of the witnesses.

After reviewing the
evidence in the light most favorable to the trial court=s decision, we conclude
the court made an implicit finding that appellant consented to the search.  Because this finding is supported by the
record, we must afford almost total deference to this finding of historical
fact.  








Because appellant gave
him consent to search the purse, Deputy Guerra did not need probable cause or a
warrant.  See Maxwell v. State,
No. 0359-01, 2002 Tex. Crim. App.  LEXIS
84, at *4 (April 17, 2002) (citing Schneckloth v. Bustamonte, 412 U.S.
218, 219 (1973) and Carmouche v. State, 10 S.W.3d 323, 331 (Tex. Crim.
App. 2000)) (consent to search is one of well-established exceptions to
constitutional requirements of both probable cause and warrant).  Thus, the search was constitutional, and the evidence
is not excluded by article 38.23 of the code of criminal procedure.[1]

After reviewing the
entire record, we conclude the trial court properly applied the law to the
facts of this case.  We hold the trial
court did not err in denying appellant=s motion to suppress the
marihuana.  Appellant=s sole issue is
overruled.

The judgment of the
trial court is affirmed.

 

FEDERICO G.
HINOJOSA

Justice

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

1st day of August, 2002.











[1]
Article 38.23
provides: ANo
evidence obtained by an officer or other person in violation of any provisions
of the Constitution or laws of the State of Texas, or of the Constitution or
laws of the United States of America, shall be admitted in evidence against the
accused on the trial of any criminal case.@  Tex.
Code Crim. Proc. Ann. art. 38.23 (Vernon Supp. 2002)