NUMBER 13-03-464-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
GERALD VIDAL,                                                                         Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 23rd District Court of Matagorda County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
          Appellant, Gerald Vidal, was convicted of possessing marihuana within a drug-free
zone and sentenced to four years’ imprisonment.


 Appellant claims that the trial court
committed reversible error by denying his motion to suppress because the State failed to
justify its no-knock entry into his home. Having determined that no violation of the knock
and announce rule occurred in this case, we overrule appellant’s sole issue and affirm the
trial court’s judgment. 
          In reviewing a ruling on a motion to suppress, we give almost total deference to the
trial court’s determination of historical facts, but we decide legal questions de novo. See
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). Where, as here, the trial
court does not file findings of fact, we assume the court made implicit findings that support
its ruling, so long as those implied findings are supported by the record. See Maxwell v.
State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).
          The Fourth Amendment incorporates the common law requirement that police
officers knock and announce their identity and purpose before attempting forcible entry into
a dwelling. Richards v. Wisconsin, 520 U.S. 385, 387 (1997). The Supreme Court,
however, has not decided whether or to what extent the exclusionary rule should be used
as a remedy for knock and announce violations. Broussard v. State, 68 S.W.3d 197, 199
n.2 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). Thus, even if a knock and announce
violation were established, that alone would not necessarily require the trial court to grant
the motion to suppress. See id. Because there is no evidence that a knock and announce
violation occurred in this case, we limit our holding and do not address the exclusionary
rule’s applicability to violations of the knock and announce rule. 
          At trial, the uncontradicted testimony established that the officers announced
“search warrant, sheriff’s department” several times before entering appellant’s home. 
Based on this testimony, the trial court could have found that the officers announced their
presence and purpose before entering appellant’s home. Thus, the court could have
concluded that no knock and announce violation occurred. Its ruling on appellant’s motion
to suppress was therefore not erroneous.
Accordingly, we overrule appellant’s sole issue and affirm the trial court’s judgment.                                   _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Do not publish.
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered 
and filed this the 12th day of August, 2004.