IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00131-CR

 

Jennifer Hasty,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 413th District Court

Johnson County, Texas

Trial Court No. F36947

 



MEMORANDUM  Opinion



 

          Jennifer Hasty was convicted by a jury for possession of a
controlled substance with intent to deliver, possession of a controlled
substance over 400 grams, and delivery of a controlled substance.  Tex. Health & Safety Code Ann. §§ 481.112(d),
481.115(f), 481.112(c) (Vernon 2003).  The jury assessed punishment at fifty
years for possession with intent to deliver, seventy-five years for possession,
and twenty years for delivery.  In four issues, Hasty argues that the trial
court erred (1) in denying her motion to suppress the results of a search; (2)
in denying her motion to suppress her videotaped statement; (3) in denying her
motion for mistrial for improper argument; and (4) in overruling her objection
to improper argument.

          We will overrule the issues and affirm
the judgment.

BACKGROUND

          Narcotics officers with the Johnson
County Sheriff’s Office performed surveillance on Hasty’s rural home.  After
watching an unusually high volume of vehicles arriving then leaving a short
time later, the officers drove up to the residence to do a “knock and talk.”  While
they were in the driveway, Hasty drove up to the house.  The officers
identified themselves as narcotics investigators and asked if she lived there. 
She replied that she did.  They asked her if they could go inside the house,
and she invited them in.  Officer Whitlock testified that he asked her where
Jon Dearl Hasty was, and she replied that he was in the bedroom sleeping. 
Whitlock asked her to wake Dearl, and she did.  Whitlock testified that he
again identified himself and asked for consent to search the residence.  He
testified that both Dearl and Hasty consented to the search.  Dearl signed a
written consent form.  Whitlock asked Dearl and Hasty to accompany him while he
searched.  He found empty pill capsules, coffee filters lined with at white
residue, a black digital scale, and a container wrapped in electrical tape with
a white, powdery substance inside.  Hasty told Whitlock that the container was
hers and that the substance was “speed.”  Deciding that he had probable cause
to get a search warrant, Whitlock stopped his search.  As a result of a later
search, numerous items associated with the manufacturing of methamphetamine
were found inside the house and the surrounding curtilage.  Hasty was arrested
and taken to the Sheriff’s office.  After being read the Miranda warnings, she
consented to a videotaped interview.

          Approximately one month later, another
narcotics investigator was told by a confidential informant that Hasty was
looking for someone to supply her with bulk quantities of ephedrine.  The
officer had the informant arrange a meeting between Hasty and the officer at a
store parking lot.  Hasty arrived at the appointed time and place, got into the
officer’s undercover vehicle, and told him she needed 10,000 60 mg pills of ephedrine
and sixty cans of starter fluid.  The officer told her he could obtain the
items, and agreed to take an amount of finished methamphetamine as payment. 
The officer then asked Hasty if she had any samples with her.  Hasty went to
her truck and returned with a black cloth bag with several plastic baggies
inside.  She pulled out a scale, weighed a baggie and said it was worth $40.00. 
The officer bought two baggies for $100.00.

Motion to Suppress: Search

          Hasty argues that the trial court
erred in denying her motion to suppress the results of the search of Hasty’s
home because Dearl had no authority to consent to a search of the residence.  We
review a trial court’s denial of a motion to suppress for abuse of discretion. 
Welch v. State, 93 S.W.3d 50, 53 (Tex. Crim. App. 2002); Levi v.
State, 147 S.W.3d 541, 544 (Tex. App.—Waco 2004, pet. ref’d).  A voluntary
consensual search is an exception to the probable cause and warrant
requirements of the Fourth Amendment to the United States Constitution and
Article I, Section 9 of the Texas Constitution.  Conde v. State, 135
S.W.3d 252, 255 (Tex. App.—Waco 2004, no pet.); see also Rayford v. State,
125 S.W.3d 521, 528 (Tex. Crim. App. 2003).  The validity of consent to search
is a question of fact to be determined from all the circumstances.  Rayford,
125 S.W.3d at 528.  The State has the burden to prove by clear-and-convincing
evidence that consent was freely and voluntarily given.  Id.; Conde,
135 S.W.3d at 255.  While we give almost total deference to the trial court’s
determination of facts, we review de novo the trial court’s application of the
law.  Id.; Conde, 135 S.W.3d at 255.

          At trial, Officer Whitlock testified
that both Hasty and Dearl gave oral consent to search the home.  At the
pretrial hearing on the motion to suppress, however, he testified that although
he asked both Hasty and Dearl if he could search, he did not remember Hasty
giving consent.  Dearl signed the consent form.  Hasty argues that Dearl had no
authority to consent to a search of Hasty’s house because the house belonged to
her, she and Dearl were separated, and Dearl no longer resided in the house.

          The State argues that Dearl had
“common authority” to consent to the search.  A third party may properly consent
to a search when he or she has equal control over and authority to use the
premises being searched.  Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).  Common authority derives from the mutual use of the property “that
leads to a finding that a third party has the right to permit the inspection of
the relevant property and that others with an equal or greater interest in the
property have assumed the risk that, through the grant of permission to use,
the third party might permit the property to be searched.”  Id.  We do
not find sufficient evidence that Dearl had equal control over the property and
authority to use the premises to support a finding that he had common authority
to consent to the search.

          Alternatively, the State argues that
Dearl had apparent authority to consent to the search.  The “apparent
authority” doctrine holds that a warrantless entry by law
enforcement officers onto a person's premises does not violate the proscription
against unreasonable searches and seizures under the Fourth Amendment when the
entry is based upon the consent of a third party whom the officers, at the time
of entry, reasonably believed to possess common authority over the premises,
but who in fact did not have such authority.  Illinois v. Rodriguez,
497 U.S. 177, 188, 110 S.Ct. 2793, 2797, 111 L.Ed.2d 148 (1990).  Officer
Whitlock testified that prior to approaching the residence he had information
from confidential informants that Dearl lived with Hasty at the residence. 
Dearl was asleep in the home when the officers arrived.  Whitlock testified
that Dearl said that he lived there.  Hasty and Dearl were sitting on the couch
together when Whitlock went over the consent form and asked Dearl to sign it. 
Hasty never refuted Dearl’s authority to give consent.  Under these
circumstances, it was reasonable for the officers to conclude that Dearl had
authority to consent to the search.  The trial court did not abuse its
discretion by overruling Hasty’s motion to suppress.  We overrule this issue.

Motion to Suppress: Videotape

          Hasty argues that the trial court
erred in denying her motion to suppress her videotaped statement because that
statement was taken in violation of her Sixth Amendment right to counsel.  We
do not need to reach the issue of whether the trial court abused its discretion
in overruling the motion to suppress, because Hasty waived her right to
complain on appeal by introducing the videotaped statement as evidence at
trial.  Rodriguez v. State, 919 S.W.2d 136, 138 (Tex. App.—San Antonio
1995, no pet.) (citing Decker v. State, 717 S.W.2d 903, 908 (Tex. Crim.
App. 1983)).  Hasty offered the videotape into evidence and published it to the
jury.  When a defendant offers her confession as evidence at trial, any
objection to the admission of such evidence is waived.  Id.  We overrule
this issue.




Improper Argument

          Hasty’s third issue argues that the
trial court erred in denying her motion for mistrial regarding improper jury
argument.  During closing argument, the prosecutor stated, regarding the
possession count:  “Now, if just for argument’s sake, and it’s not a good
argument, if she’s not the methamphetamine cook, she let it happen at her house
didn’t she?  See, more than one person can be arrested for the same offense. 
Called the law of parties in the State of Texas.”  Defense counsel objected on
the basis that the jury was not charged with the law of parties.  The trial
court sustained the objection.  Defense counsel did not request an
instruction.  Defense counsel then asked for a mistrial, which the trial court
denied.

To show that the trial court erred in
denying the motion for a mistrial, Hasty must show that an instruction to
disregard would have been inadequate to cure the prejudicial effect of the
allegedly improper argument.  See Long v. State, 823 S.W.2d 259, 267
(Tex. Crim. App. 1991) (Reversal
results from improper prosecutorial argument only when the argument is extreme,
manifestly improper, injects new and harmful facts into the case or violates a
mandatory statutory provision and is thus so inflammatory that its prejudicial
effect cannot reasonably be cured by judicial instruction to disregard
argument.).  Following an objectionable argument, an
instruction by the court to disregard the comment will normally obviate the
error, unless the remark is so inflammatory that its prejudicial effect cannot
reasonably be removed by such an admonishment.  Cooks v. State,
844 S.W.2d 697, 727 (Tex. Crim. App. 1993).  We find that the State’s argument
was not so prejudicial that its effect could not have been cured by a judicial
instruction.  The trial court thus did not err in denying the motion for
mistrial.  We overrule the third issue.

Hasty’s fourth issue argues that the trial court
erred in overruling her objection regarding another jury argument.  During
closing arguments, the prosecutor told the jury: “Fingerprints, I will tell you
that as [defense counsel] said, both sides of a case have the ability to
subpoena witnesses.  That is true.  Defense side also has the ability to request
for any scientific test that they want.  [Defense counsel] wants that thing
fingerprinted, he could have done it.”  Defense counsel objected that the
prosecution’s argument shifted the burden of proof to the defense.  The
prosecutor argued that he was responding to defense counsel’s prior argument. 
The trial court overruled the objection.

A proper jury argument must fall within one of
four general areas: (1) summation of the evidence; (2) reasonable deduction
from the evidence; (3) answer to argument of opposing counsel; and (4) plea for
law enforcement.  Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App.
1999).  Hasty argues that the prosecutor’s argument did not fall into any of
these areas.  Assuming without deciding that Hasty’s argument on appeal comports
with her objection at trial, we find no abuse of discretion by the trial court
in overruling the objection.  Defense counsel argued at trial that if the State
had fingerprinted the evidence it had collected the results would have shown
that persons other than Hasty were responsible for cooking methamphetamine on
her property.  Thus the trial court could have found that the prosecution’s
argument was an answer to defense counsel’s argument.  We overrule this issue.




CONCLUSION

          Having overruled the issues, we affirm
the judgment.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief
Justice Gray concurring)

Affirmed

Opinion
delivered and filed August 17, 2005

Do
not publish

[CRPM]