# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00730-CR

**Roger Anthony Villarreal, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT OF COKE COUNTY
### NO. 06-4122, HONORABLE ROY BLAIR, JUDGE PRESIDING

## M E M O R A N D U M  O P I N I O N

After the court denied his motion to suppress evidence, Roger Anthony Villarreal pleaded no contest to possession of less than two ounces of marijuana. The court found him guilty, fined him $400, and sentenced him to thirty days in jail, suspended during twelve months of community supervision. By his sole point of error, Villarreal contends that the court erred by denying his motion to suppress, contending that the warrantless search of his motor vehicle that revealed the marijuana was not justified by probable cause. We affirm.

Department of Public Safety Trooper Scott Frasier initiated the stop of a pickup truck he observed traveling seventy-six miles per hour in a seventy mile per hour zone. Frasier testified that, as the truck stopped, he noticed the driver and passenger "were making a lot of movements" in addition to the expected movements like reaching to get proof of insurance or removing a seat

belt.  The movements did not produce the insurance card, which the passenger later retrieved from the center console, leading Frasier "to believe they had hidden something . . . ."

Frasier asked the driver, Villarreal, to move to the rear of the truck to discuss the stop. Frasier testified that, "As he stepped out of the truck and came back to the back I noticed, as he got out, there appeared to be a marijuana seed in the driver's seat."  Frasier testified that he recognized the seed as marijuana from his training at academies for the Department of Public Safety and the San Angelo Police Department, where "they brought in marijuana, showed us what it looked like."  Frasier also testified that, "[t]hrough seventeen years of law enforcement I've arrested numerous people with marijuana, so I've had many, many occasions to see what marijuana seeds look like.  So I'm just familiar with basically what it looks like and what it is."  Frasier testified that he had "no doubt" that the seed was a marijuana seed.

Frasier testified that Villarreal "kind of seemed nervous, a little more than usual." Returning to the truck to ask for the proof of insurance, Frasier noticed a cigarette lighter on the center console.  He asked Villarreal and his passenger, Billy Joe Hamilton,[1] if they smoked.  Both denied smoking.

Frasier testified that, upon seeing the seed, he "had probable cause to believe there was marijuana in the car" and that if he had left the car to get a search warrant, "that would give them ample opportunity to get rid of the marijuana, much as I believe that's what they were

---

[1] Billy Joe Hamilton was also indicted for possession of marijuana, moved to suppress evidence, and pleaded no contest after his motion to suppress evidence was denied.  In a separate case, we affirm the denial of Hamilton's motion to suppress and his conviction.  *Hamilton v. State*, No. 03-06-00730-CR, 2007 Tex. App. LEXIS 7239 (Tex. App.—Austin Aug. 31, 2007, no pet. h.).

doing whenever I stopped them. That's why the movement." He testified that "the movements they made as the vehicle came to a stop made me believe they were up to something—more or less hiding something, my experience has shown . . . ." Frasier testified that the "totality of the circumstances"—the combination of the pre-stop movements, Villarreal's nervousness, the presence of the lighter when both claimed not to smoke, and the marijuana seed combined to give him probable cause to believe that the truck contained marijuana, justifying a warrantless search of the truck.

Villarreal testified that he did not smoke. Hamilton testified that he told Trooper Frasier that a coworker who had been in the truck smoked. Hamilton testified that the lighter and the carton of cigarettes found in the truck belonged to the coworker. Both Villarreal and Hamilton testified that they use cigarette lighters to heat shrink plastic wrapped wires while installing air conditioners.

The search revealed marijuana residue on the kick plate of the front door, marijuana residue in the console in a container, and a partially smoked marijuana cigarette and two baggies containing marijuana inside a styrofoam cup in a cupholder on the driver's side.

We review a trial court's ruling on a motion to suppress using a bifurcated standard, giving almost total deference to a trial court's determination of historical facts and reviewing de novo the court's application of the law. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). People have the right to be free from unreasonable searches and seizures of their persons and their property. U.S. Const. amend IV. An officer may conduct a warrantless search of a motor vehicle if the officer has probable cause to believe the vehicle contains evidence of a crime. *Powell*

3

*v. State*, 898 S.W.2d 821, 827 (Tex. Crim. App.1994). The standard for assessing probable cause is the same for warrantless searches as for those supported by search warrants. *Whiteley v. Warden*, 401 U.S. 560, 566 (1971). Probable cause exists where the known facts and circumstances are sufficient to justify a person of reasonable prudence in believing that contraband or evidence of a crime will be found. *Ornelas v. United States*, 517 U.S. 690, 696 (1996). The totality of the circumstances must allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location. *Dixon v. State*, 206 S.W.3d 613, 616 (Tex. Crim. App. 2006).

The only issue in this appeal is whether the circumstances provided probable cause to support the search. The legitimacy of the stop is unchallenged. There is no assertion that Frasier did not see a seed in plain view that he believed was a marijuana seed. The trial court found Frasier's testimony "convincing and truthful" and concluded that Frasier had "great credibility." The court expressly found Villarreal and Hamilton's testimony about the work purpose of the lighter "not credible." Giving deference to the trial court's credibility determination and findings of fact, we conclude that the marijuana seed, in the context of the unusual movements preceding the stop and Villarreal's extra nervousness, provided probable cause for a reasonable person to believe marijuana was in the truck sufficient to support the reasonableness of the warrantless search of the vehicle. *See Adams v. State*, 634 S.W.2d 785, 793 (Tex. App.—Austin 1982, no pet.) (partially-burned marijuana

seeds in plain view on driver's seat during traffic stop provided reasonable basis for belief that car contained marijuana).

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop;
    Concurring Opinion by Justice Patterson

Affirmed

Filed:   September 25, 2007

Do Not Publish

5