*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00578-CR

Redmond **GORECKI**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 9, Bexar County, Texas
Trial Court No. 206191
Honorable Laura Salinas, Judge Presiding

Opinion by:    Catherine Stone, Justice

Sitting:    Catherine Stone, Justice
            Karen Angelini, Justice
            Steven C. Hilbig, Justice, concurring in judgment only

Delivered and Filed:   July 23, 2008

AFFIRMED

After his motion to suppress was denied, Redmond Gorecki pled nolo contendere to possession of Clonazepam, a controlled substance. Gorecki appeals the trial court's ruling on the motion to suppress arguing that the trial court abused its discretion in finding that the arresting officer: (1) had reasonable suspicion to stop his vehicle; (2) was justified in conducting a weapons pat-down; and (3) did not exceed the permissible scope of a pat-down for weapons. We affirm the trial court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer Mark Bjugstad was the sole witness at Gorecki's motion to suppress hearing. Officer Bjugstad responded to a call, through the police dispatcher, reporting that three teenagers appeared to be preparing to break into a garage. Officer Bjugstad went to the caller's home and the caller described the three teenagers as: white or hispanic males, between the ages of 16 and 18, wearing white t-shirts, and driving a white car. One of the teenagers was carrying a backpack. The caller observed the teenagers looking into a neighbor's garage, but they ran away when the caller went outside to confront them. Although Officer Bjugstad found no evidence of criminal activity around the garage, he drove around the neighborhood and saw two young men in white shirts get into a white car. Officer Bjugstad followed the car and confirmed that there was a third person, the driver, in the car.

Officer Bjugstad pulled the car over and asked the driver for his license and registration. Officer Bjugstad observed that the occupants were three males who appeared to be over 16 years old, wearing white shirts, and there was a backpack on the back seat of the car. When Officer Bjugstad asked why they were not in school, Gorecki explained they had permission to get a book. Officer Bjugstad asked Gorecki to get out of the car. Because Gorecki was nervous, confused, and slurred his speech, Officer Bjugstad suspected Gorecki was under the influence of marijuana. Officer Bjugstad then proceeded to pat Gorecki down. As Officer Bjugstad patted down Gorecki's pockets, he felt a bulge, which he suspected was marijuana. When Officer Bjugstad took the marijuana out of Gorecki's pocket, he also found a bag of pills. Officer Bjugstad arrested Gorecki for possession of marijuana. The pills were a controlled substance, Clonazepam, and Gorecki pled guilty to possession of the Clonzepam.

**DISCUSSION**

Gorecki appeals the trial court's denial of his motion to suppress arguing that the stop of his vehicle without a warrant, and the subsequent pat-down search of his clothing, were conducted in violation of the Fourth Amendment. In an appeal of a trial court's ruling on a motion to suppress, an appellate court applies a bifurcated standard of review, giving almost total deference to a trial court's determination of historical facts, particularly those based on the evaluation of the credibility and demeanor of witnesses, and reviewing *de novo* the court's application of the law. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).

A traffic stop and pat-down search by law enforcement personnel is a sufficient intrusion on individual privacy to implicate the Fourth Amendment's protections. *Terry v. Ohio*, 392 U.S. 1, 16 (1968)*; Carmouche*, 10 S.W.3d at 328 (citing *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975)). However, an officer may conduct an investigatory stop and briefly detain an individual on less than probable cause if the officer can point to specific and articulable facts which lead to the reasonable belief that the detained individual may be associated with criminal activity. *Terry*, 392 U.S. at 21.

Once a stop is made, an officer may conduct a pat-down search for weapons to maintain officer safety. *Id.* at 29-30. The purpose of a pat-down search is to allow an officer to investigate without fear of violence. *Wood v. State*, 515 S.W.2d 300, 306 (Tex. Crim. App. 1974). A search which continues after the officer determines the detainee is not armed exceeds the permissible scope of a weapons pat-down. *Lippert v. State*, 664 S.W.2d 712, 721 (Tex. Crim. App. 1984). An

exception may apply, however, if the officer clearly identifies, through the sense of touch during the pat-down, the presence of contraband. *Minnesota v. Dickerson*, 508 U.S. 366, 375-76 (1993).

Gorecki argues the caller's description was too vague to give Officer Bjugstad reasonable suspicion to stop his car. Additionally, Gorecki argues Officer Bjugstad did not sufficiently corroborate that the individuals he stopped met the caller's description.

First, we note that information provoking the officer's suspicions need not be based on his own personal observations, but may be based on a caller's tip which bears sufficient "indicia of reliability" to justify a stop. *Carmouche*, 10 S.W.3d at 328. A police officer must confirm that the information given to him is sufficiently reliable. *Pipkin v. State*, 114 S.W.3d 649, 654-55 (Tex. App.—Fort Worth 2003, no pet.) (suggesting the following factors: (1) whether the informant provided a detailed description of the wrongdoing; (2) whether the informant made a first-hand observation of the conduct; (3) whether the informant is in a position to be held accountable for the report; and (4) whether the informant is unpaid). Here, the caller made a first-hand observation of conduct which reasonably gave rise to the suspicion that the teenagers were engaging, or preparing to engage, in criminal activity. The caller personally spoke to Officer Bjugstad, providing details about the occurrence the caller observed as an ordinary citizen in his own neighborhood. *See id.*

Officer Bjugstad stopped the car because he saw two male teenagers wearing white shirts getting into a white car driven by a third person, all of which corroborated the caller's description. Although the caller's description was not sufficient to have identified any specific occupant of the car, nor to justify pulling over any white car with three passengers in a citywide search, the description was sufficient in this context where Officer Bjugstad saw three males, in a white car,

dressed in white shirts, matching an approximate age, and in the particular neighborhood where they were first observed. In light of the caller's description and Officer Bjugstad's observations, Officer Bjugstad had sufficient information to believe that Gorecki had been engaged in criminal activity. *See Terry*, 392 U.S. at 21. Therefore, the trial court did not abuse its discretion in determining that the stop was supported by reasonable suspicion.

After stopping the car, Officer Bjugstad's weapons pat-down was justified if he had a reasonable basis to believe it was necessary to assure his safety. *See Terry*, 392 U.S. at 29-30; *Wood*, 515 S.W.2d at 306. The search, however, would be unconstitutional if there was no basis to believe that weapons might be found, or if the pat-down went beyond the scope of checking for weapons. *See id.* The trial court presumably found facts sufficient to justify a weapons frisk, and we are to give almost total deference to the trial court's determination of those historical facts. *Carmouche,* 10 S.W.3d at 327. The applicable standard for consideration of this case is whether there are specific and articulable facts in the record which could support the finding of the trial court. *Cf. id.* at 329.

Officer Bjugstad's testimony provided specific and articulable facts to support the weapons pat-down. Although Officer Bjugstad stated it was "pretty common practice" to frisk any individual he was going to talk to for any length of time, routine or common practice was not the sole basis for the pat-down search. Officer Bjugstad explained he felt it was necessary to conduct a weapons search because he was on the side of the road and out-numbered by the occupants of the car. The occupants were acting nervously, and at least one occupant, Gorecki, acted like he was under the influence of an intoxicant. Importantly, all three individuals were suspected of trying to break into

a home.  Based on this record, the trial court did not abuse its discretion in determining that the weapons pat-down was justified.

When Officer Bjugstad patted Gorecki down, he felt a bulge in Gorecki's pants pockets. Although Officer Bjugstad admitted the bulge did not feel like a weapon, Officer Bjugstad testified that he immediately believed the bulge was marijuana just from patting the outside of the pocket and without manipulating it.  Officer Bjugstad admitted on cross-examination that he could have been wrong, and the bulge could have been another substance;  however, on redirect, Officer Bjugstad explained that he immediately assumed, based on Gorecki's demeanor, that the bulge was marijuana. Because Officer Bjugstad identified the bulge as marijuana by touch, the trial court did not abuse its discretion in finding that contraband was discovered within the permissible scope of the weapons pat-down. *Dickerson*, 508 U.S. at 375-76.

## CONCLUSION

Having determined that the trial court did not err in denying Gorecki's motion to suppress, we overrule his three points of error.  The judgment of the trial court is affirmed.

Catherine Stone, Justice

Do Not Publish