COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| DOUGLAS ALLEN STEINBERGER, | § | No. 08-07-00208-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 97th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Clay County, Texas |
| | § | |
| Appellee. | | (TC# 2006-0000014C-CR) |
| | § | |
| | § | |

**O P I N I O N**

Douglas Allen Steinberger appeals his conviction for manufacture of a controlled substance-methamphetamine, 400 grams or more. He was sentenced to 60 years' imprisonment. In a single issue, he contends the trial court erred by denying his motion to suppress because the affidavit submitted in support of the search warrant was insufficient to establish probable cause. We affirm.

On September 1, 2005, Deputy Sheriff Nicholas Long of the Archer County Sheriff's office was dispatched to investigate a report of a strong chemical smell in the area of Windthorst and Hoff Road. As the deputy drove south on Hoff Road, he passed a mobile home where he detected the strong chemical odor associated with the production of methamphetamine. He approached the home and knocked on the front door, and after the deputy identified himself, Appellant answered the door. When the deputy inquired about the smell of ammonia and ether emanating from the trailer, Appellant refused to respond and told the deputy that he was going to

return inside the house unless the officer had a search warrant. At that time, Deputy Long took Appellant into custody and awaited the arrival of officers from the North Texas Drug Task Force. The task force officers made their own observations, and then left the scene to secure a warrant to search the premises.

Task Force Officer James Blake provided an affidavit to the magistrate issuing the search warrant. In his affidavit, Officer Blake stated that he was called to Appellant's residence by Deputy Long on September 1, 2005, based on information that a strong chemical odor was emanating from Appellant's residence. When Officer Blake arrived on the scene, Deputy Long advised him of the odors he had witnessed around and coming from inside the house. Deputy Long indicated that he associated those odors with the manufacture of methamphetamine. Deputy Long also told Officer Blake that he was familiar with the odors associated with meth production through his experience in prior methamphetamine investigations. A search warrant was issued based on Officer Blake's affidavit. Appellant was arrested and ultimately convicted for manufacture of a controlled substance, 400 grams or more.

Prior to trial, Appellant filed a motion to suppress evidence arguing that the search warrant was constitutionally inadequate because the supporting affidavit failed to establish probable cause. The trial court denied Appellant's motion.

In his sole issue presented for review, Appellant asserts that the motion was erroneously denied because Officer Blake's affidavit was insufficient to establish probable cause for the search. He argues that the affidavit does not adequately support Deputy Long's ability to identify odors associated with methamphetamine production. He continues by arguing that although the affidavit does state that the deputy had been involved in prior meth investigations, it does not

specify the nature or extent of his involvement, nor does it identify any training related to drug production odor. He, therefore, concludes that within the four corners of Officer Blake's affidavit, the magistrate could not have properly determined that probable cause existed.

We review a trial court's ruling on a motion to suppress with a bifurcated standard, giving almost total deference to the trial court's determination of historical facts, and reviewing *de novo* the court's application of the law to those facts. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex.Crim.App. 2002). Generally, after granting great deference to the trial court's factual determinations, we review questions of probable cause *de novo*. *See Guzman v. State*, 955 S.W.2d 85, 87-8 (Tex.Crim.App. 1997).

Probable cause to support the issuance of a search warrant exists where the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant was issued. *Cassias v. State*, 719 S.W.2d 585, 587 (Tex.Crim.App. 1986). A search warrant affidavit must be read in a common sense and realistic manner. *See Jones v. State*, 833 S.W.2d 118, 123-24 (Tex.Crim.App. 1992). The magistrate is permitted to draw reasonable inferences from the facts and circumstances contained within the four corners of the affidavit. *Cassias*, 719 S.W.2d at 587-88.

The Texas Court of Criminal Appeals was faced with a very similar situation in *Davis v. State*, 202 S.W.3d 149 (Tex.Crim.App. 2006). In *Davis*, the Court was presented with the question of whether an officer affiant's assertion that another officer smelled an order which he associated with the manufacture of methamphetamine was sufficient to support a finding of probable cause. *Davis*, 202 S.W.2d 155-56. The Court determined that even without specifying the second officer's previous credentials or experience, the magistrate could reasonably have

inferred that the officer's "association" of the odor with methamphetamine production was based on past experience and training. *See Davis*, 202 S.W.3d at 154-57.

In the case before us, we not only have Officer Blake's recitation that Deputy Long associated the odors with methamphetamine production, but also the officer's statement that Deputy Long was able to recognize the odors based on his prior experiences as an officer. Therefore, in accordance with *Davis*, we conclude that the affidavit contained sufficient information withing its four corners for the magistrate to conclude that probable cause existed to search Appellant's residence and property. Accordingly, Appellant's issue is overruled.

Having overruled Appellant's sole issue presented for review, we affirm the trial court's judgment.


June 17, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)