# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00036-CR

**Frank Edward Williams, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2008-285, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After the trial court denied Frank Edward Williams's motion to suppress evidence, Williams was found guilty by a jury of two counts of forgery. *See* Tex. Penal Code Ann. § 32.21 (West Supp. 2009) (defining offense of forgery). He pleaded true to six enhancement allegations, and the trial court assessed sentence at seven years in prison on count one of the indictment and eight years in prison on count two, to be served concurrently. *See id.* § 12.42 (West Supp. 2009) (elevating penalties for repeat offenders). Williams challenges the denial of the suppression motion, contending that the peace officer conducting the traffic stop went beyond the scope and purpose of the detention when conducting the search that revealed the disputed evidence. We will affirm.

## BACKGROUND

Williams was arrested after a car in which he was a passenger was stopped because the lettering on the vehicle's rear license plate was partially obscured by a frame. Williams moved

to suppress the evidence seized. The trial court denied the motion to suppress evidence gathered incident to arrest and made findings of fact and conclusions of law. The trial court found that Alvarez spoke with Williams through "an open side window," that he saw the open beer carton in plain view using his flashlight, and that Williams affirmed that there were open containers in the car and showed him some empty cans. The court found that Alvarez searched the vehicle for other empty cans and found two driver's licenses with Williams's face affixed to them. The trial court concluded that, even if the initial traffic stop ended with the warning issued to the driver, the inquiry into the beer was a consensual encounter. The trial court also concluded that Williams's admission that there were open containers provided probable cause to search the vehicle.

## DISCUSSION

On appeal, Williams contends that the trial court erred by denying the motion to suppress evidence seized by the State, which was based on an illegal search and detention, because the search conducted by the arresting officer went beyond the scope and purpose of the detention and became an unlawful fishing expedition.

Citizens have the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV. However, if an officer has reasonable suspicion to believe that an individual is involved in criminal activity, the officer may conduct a brief investigative detention. *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). The reasonableness of a temporary detention must be considered in view of the totality of the circumstances at the inception of the encounter, and the officer must be able to point to specific, articulable facts that, combined with rational inferences from those facts, would lead him to reasonably suspect that a specific person

2

had engaged in or was or soon would be engaging in criminal activity. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). Reasonable suspicion must be based on more than a non-specific suspicion or a mere "hunch" of criminal activity. *Terry v. Ohio*, 392 U.S. 1, 27 (1968). The State has the burden to show that the officer had an objective basis for the stop, and the officer's subjective intent is irrelevant to the determination of reasonable suspicion. *Garcia*, 43 S.W.3d at 530. We look only at the facts known to the officer at the inception of the stop; an initially unlawful stop is not validated by the discovery of criminal activity. *See Wong Sun v. United States*, 371 U.S. 471, 484 (1963).

The constitutional prohibition on unreasonable searches and seizures guards against "arbitrary invasions solely at the unfettered discretion" of law enforcement officers. *Brown v. Texas*, 443 U.S. 47, 51 (1979). We require a "minimal level of objective justification" on the part of the officer, *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Immigration & Naturalization Serv. v. Delgado*, 466 U.S. 210, 217 (1984)), and our "determination of reasonable suspicion must be based upon commonsense judgments and inferences about human behavior," *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000). "[T]here is 'no ready test for determining reasonableness other than by balancing the need to search [or seize] against the invasion which the search [or seizure] entails.'" *Terry*, 392 U.S. at 21 (quoting *Camara v. Municipal Court*, 387 U.S. 523, 534-37 (1967)).

"'If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the whole vehicle without more.'" *Maryland v. Dyson*, 527 U.S. 465, 467 (1999) (quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996)). As the Supreme Court stated, a finding of probable cause "alone satisfies the automobile exception to the Fourth Amendment warrant requirement." *Id.*

When reviewing a trial court's decision on a motion to suppress, we give almost total deference to the court's determination of historical facts but review de novo its application of the law to the facts. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). The trial court is the sole judge of the credibility of the witnesses and their testimony. *Id.*

Alvarez testified that, after he stopped the car for the obscured license plate, a warrant check on the driver came back clean. Alvarez decided to give the driver a written warning and explained the consequences of that to the driver, returning his driver's license to him. Alvarez noted that the driver seemed nervous in answering his questions, after admitting to taking an unusual return path to Houston from San Antonio—driving north to Austin, then taking US Highway 290 to Houston. Alvarez testified that 290 is a major thoroughfare between Austin and Houston and that illegal drugs are transported along that route. He said that this combination of circumstances aroused his suspicion that other wrongdoing was afoot. He asked for consent to search the vehicle and was denied. Alvarez then walked around to the passenger side of the vehicle, shining his flashlight into the car. He testified that this took less than thirty seconds. He testified that the rear passenger window was open about halfway. He also stated that he could see through the tinted windows with the illumination of his flashlight. Alvarez saw a beer carton that had been ripped open. He saw Williams in the back seat and asked if there were any open containers. Williams confirmed that there were and removed empty cans from inside the box. Alvarez asked Williams to get out of the car. Alvarez then searched the car and found the driver's licenses underneath the seat, which led to Williams's arrest and this prosecution.

Williams testified that he was sleeping in the back seat and was awakened by Alvarez's flashlight shining in his eyes. He testified that the car windows were tinted and could not

4

be seen through. Williams did not recall being asked specifically if there were open containers of alcohol and denied taking any empty cans out of the box to show the officer. He testified that he was scared because of the number of police cars that were present at the scene.

Based on the record before us, we conclude that Williams has not presented any reversible error. *See* Tex. R. App. 44.2 (outlining reversible errors in criminal cases). The initial stop based on the obscured license plate is not disputed here. The focus of the challenge is the later search of the car. Alvarez testified that, after he was denied permission to search the car, he simply walked around to the passenger side of the car. The evidence supports the court's finding that Alvarez's walk around the car did not amount to an extended or additional detention. Alvarez testified that his walk took less than thirty seconds. There is no showing that his walk caused any unnecessary delay, strayed onto private property, or intruded into the interior of the car until Alvarez saw evidence indicating that an additional offense had been committed. While on the passenger side of the car, he saw the open beer carton inside—evidence that persons in the car might have committed the offense of knowingly possessing an open container of alcohol in the passenger area of a motor vehicle on a public highway. *See* Tex. Penal Code Ann. § 49.031(b) (West 2003). Accordingly, the court did not err by denying the motion to suppress, and we overrule Williams's issue on appeal.

## CONCLUSION

Having overruled Williams's issue on appeal, we affirm the judgment of the district court.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:  August 26, 2010

Do Not Publish