NO. 07-12-00098-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 27, 2012

DEMETRICK SANTAIL WARD, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 11-07-7382; HONORABLE PAT PHELAN, JUDGE

Before QUINN, C.J.,  and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Demetrick Santail Ward, appeals his conviction for the offense of tampering with physical evidence,[1] and resulting sentence of 13 years' incarceration in the Institutional Division of the Texas Department of Criminal Justice.[2]  We will affirm.

---

[1] See TEX. PENAL CODE ANN. § 37.09 (West Supp. 2012).

[2] While the offense of tampering with physical evidence, as indicted in this case, is a third-degree felony, see id. § 37.09(c), appellant pleaded true to a prior final felony conviction that enhanced the punishment range for the present offense to that of a second-degree felony.  See id. § 12.42(a) (West Supp. 2012).

## Background

Because both of appellant's issues relate to the trial court's denial of his motions to suppress evidence, we will discuss only those facts relevant to the issues raised by those motions.

On May 11, 2011, appellant was stopped for a traffic violation by Lt. Jeff Holder of the Hockley County Sheriff's Office. The traffic violation that Holder observed appellant commit was a failure to signal an intention to change lanes. See TEX. TRANSP. CODE ANN. § 545.104(a) (West 2011).

After effectuating the stop, Holder made contact with appellant to request his license and registration. When doing so, Holder noticed the smell of marijuana emanating from appellant's car. Appellant did not have his driver's license but provided Holder with his driver's license number. When Holder called in a warrant check on appellant, he requested backup. A few minutes later, Officer Johnny Sanchez arrived. Holder asked appellant to step out of his vehicle, and appellant complied. Holder then asked appellant, "Do you mind if I search you," to which appellant responded by stating, "No. No." while extending his arms as if to give Holder access to search appellant's person. In conducting the search of appellant's person, Holder found a significant amount of cash in appellant's pocket. Holder also felt a small, round object under appellant's clothes in the perineum area. A few seconds after Holder discovered this object, appellant said "that's the weed." Holder told appellant to put his hands on top of his head and, when Holder reached for his handcuffs, appellant broke free from Holder

2

and ran across a field on the side of the road. Appellant was subsequently captured and arrested, and the marijuana that he had attempted to discard was recovered.

Appellant was charged by indictment with the offense of tampering with physical evidence. Before trial, the State filed a notice of intent to seek enhanced punishment on the basis of two prior final felony convictions. Appellant filed two motions to suppress which challenged the legality of Holder's traffic stop of appellant and Holder's search of appellant's person. Following hearings in December of 2011 and January of 2012, the trial court overruled appellant's motions as to these grounds. Following trial, a jury found appellant guilty of the offense of tampering with evidence and, after appellant pleaded true to the punishment enhancement paragraphs, the jury sentenced appellant to 13 years incarceration.

By this appeal, appellant presents two issues. While appellant's issues overlap to some extent, it is clear that appellant challenges the trial court's denial of his motions to suppress evidence based on the legality of Holder's traffic stop of appellant and subsequent search of appellant's person.

Standard of Review

Both of appellant's issues relate to the trial court's rulings on his motions to suppress. We review a trial court's ruling on a motion to suppress for abuse of discretion. Lujan v. State, 331 S.W.3d 768, 771 (Tex.Crim.App. 2011) (per curiam). In reviewing the denial of a motion to suppress, we apply a bifurcated standard of review. Hubert v. State, 312 S.W.3d 554, 559 (Tex.Crim.App. 2010). In doing so, we review *de novo* a trial court's application of law to the facts while deferring to the trial court on

3

questions of credibility and historical fact. Id. The trial court is "the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." Valtierra v. State, 310 S.W.3d 442, 447 (Tex.Crim.App. 2010).

When no findings of fact were requested or filed, as is the case here, the reviewing court will view the evidence "in the light most favorable to the trial court's ruling" and "assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." Id. (quoting Harrison v. State, 205 S.W.3d 549, 552 (Tex.Crim.App. 2006)). We will sustain the trial court's ruling if it is "reasonably supported by the record and is correct on any theory of law applicable to the case." Id. at 447-48 (quoting State v. Dixon, 206 S.W.3d 587, 590 (Tex.Crim.App. 2006)).

## Legality of Traffic Stop

Appellant first challenges the trial court's denial of his motion to suppress on the basis that Holder's traffic stop was not justified under the law. Appellant's contention relies on Holder's police report which indicates that Holder initiated the traffic stop because appellant did not signal his intent to change lanes for at least 100 feet before changing lanes. Appellant cites Texas Transportation Code section 545.104 as establishing that a signal need only be used to indicate an intention to change lanes whereas a turn requires the signal be active for 100 feet in advance. See TEX. TRANSP. CODE ANN. § 545.104 (compare subsection (a) with subsection (b)). Because it is not a violation of the traffic laws for a driver to fail to signal a lane change for 100 feet,

4

appellant contends that Holder was not justified in stopping him and that, consequently, all evidence obtained as a result of the stop should have been suppressed.

A police officer may lawfully detain a person temporarily if there is reasonable suspicion to believe that the detained person is violating the law. Neal v. State, 256 S.W.3d 264, 280 (Tex.Crim.App. 2008) (citing Ford v. State, 158 S.W.3d 488, 492 (Tex.Crim.App. 2005)). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, leads him to reasonably suspect that a particular person has, or soon will be, engaged in criminal activity. Id. (citing Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001)). In making this determination, we must consider the totality of the circumstances. Id. (citing Ford, 158 S.W.3d at 492, and Garcia, 43 S.W.3d at 530). But, we must afford almost total deference to the trial court's determination of historical fact, especially when those determinations turn on the credibility or demeanor of witnesses. Id. at 281 (citing Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997)).

Appellant contends that there were no specific, articulable facts to support Holder's reasonable suspicion to stop appellant because the traffic offense that Holder cited is not actually a traffic offense under the law. However, at the motion to suppress hearing, Holder testified that he pulled appellant over after he saw appellant initiate a lane change by crossing over the center stripe, and then turn his signal on such that it flashed one time before appellant completed the lane change. This testimony does provide specific, articulable facts that Holder saw appellant commit a traffic offense. See TEX. TRANSP. CODE ANN. § 545.104(a) ("An operator shall use the signal . . . to

5

<u>indicate an intention</u> to turn, change lanes, or start from a parked position." (emphasis added)). Further, the police report relied on by appellant does not clearly indicate that no traffic offense had been committed before Holder stopped appellant. The report states that "Holder observed the vehicle <u>start the lane change movement</u> . . . and observed the right rear signal lamp flash only one time . . . ." (emphasis added). At most, the police report is unclear regarding the sequence of lane change and signal. However, it is reasonable to infer that, by putting the lane change movement before the signal in his report, appellant did not signal his intention to change lanes until after he had initiated the lane change. That Holder indicated in his police report that he stopped appellant because of a failure to signal a lane change for 100 feet prior to changing lanes is irrelevant since Holder did observe appellant commit a traffic offense. <u>See</u> <u>York v. State</u>, 342 S.W.3d 528, 536 (Tex.Crim.App. 2011) (the reasonable suspicion standard is objective, and the subjective intent of the officer conducting the detention is irrelevant).

Considering the totality of the circumstances, we conclude that the trial court did not abuse its discretion in determining that the traffic stop of appellant was supported by specific, articulable facts that a traffic violation had occurred. As such, we overrule appellant's first issue.

### Search of Appellant's Person

By his second issue, appellant contends that the trial court erred in overruling appellant's motion to suppress evidence obtained from the search of appellant's person

6

because the search was not consensual and exceeded the scope of a <u>Terry</u> frisk. <u>See</u> <u>generally</u> <u>Terry v. Ohio</u>, 392 U.S. 1, 29, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

The record clearly demonstrates that the search of appellant was conducted without the benefit of a search warrant and is, therefore, *per se* unreasonable. <u>See</u> <u>Wiede v. State</u>, 214 S.W.3d 17, 24 (Tex.Crim.App. 2007). One of the exceptions to the warrant requirement recognized by the courts is the voluntary consent to search. <u>See</u> <u>Maxwell v. State</u>, 73 S.W.3d 278, 281 (Tex.Crim.App. 2002). However, when a search is founded upon consent, the State must show by clear and convincing evidence that the consent was freely and voluntarily given. <u>See</u> <u>Allridge v. State</u>, 850 S.W.2d 471, 493 (Tex.Crim.App. 1991). The consent must be positive, unequivocal, and not the result of coercion or duress. <u>Id</u>.

In the present case, Holder testified that he asked appellant, "Do you mind if I search you," and that appellant responded by saying "No. No." The State then clarified that Holder's question was phrased in a manner in which he asked appellant if he minded if Holder searched him, rather than asking for permission to search. Holder further testified that, immediately following appellant telling Holder that he did not mind being searched, appellant raised both of his arms in a manner giving Holder access to appellant's body. Further, a video recording of the stop was made by Holder's in-car camera. This video recording was admitted at the hearing on the motion to suppress. On this video, Holder can be heard to ask appellant "Do you mind if I search you right quick," to which appellant responds, "No. No." Also, immediately after orally consenting to the search of his person, appellant extends his arms in a manner consistent with

7

giving Holder access to his body. Consequently, both the testimony of Holder and the video recording of the stop establish that appellant freely and voluntarily consented to Holder searching his person.

Appellant contends that his response to Holder's question asking whether appellant minded if Holder searched his person could be interpreted as either consent or refusal. Considering the totality of the circumstances, we fail to see how appellant's response can be seen as anything other than an unequivocal consent to search. Because appellant consented to the search of his person, we need not determine whether the scope of the search exceeded a search justified under <u>Terry</u>. <u>See</u> <u>Barriere v. State</u>, No. 03-09-00026-CR, 2010 Tex.App. LEXIS 7060, at *10-11 (Tex.App.—Austin Aug. 26, 2010, no pet.) (mem. op., not designated for publication) (consent to search makes <u>Terry</u>'s reasonable-scope requirement inapplicable). We overrule appellant's second issue.

## Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.

8