**Opinion issued July 23, 2015.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-14-00112-CR**

_____

**MICHAEL D. HOWARD A/K/A MICHAEL DAVID HOWARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 391st District Court**
**Tom Green County, Texas**
**Trial Court Case No. D-12-1004-SB**

## MEMORANDUM OPINION

A jury convicted appellant Michael D. Howard a/k/a Michael David Howard

of felony driving while intoxicated.[1] The trial court assessed his punishment at

---

[1]   *See* TEX. PENAL CODE ANN. §§ 12.42(a), 49.09(b)(2) (West Supp. 2014) (third-degree felony enhanced by prior felony conviction, thereby elevating punishment range to that of second-degree felony).

sixteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Howards contends that his conviction should be reversed because the trial court erred in denying his motion to suppress evidence relating to the warrantless blood draw. We reverse the trial court's judgment and remand for a new trial.[2]

## Background

Howard was stopped for a traffic violation and was subsequently arrested for DWI. After Howard refused to provide a breath specimen, the arresting officer transported him to a hospital where a warrantless blood draw was taken pursuant to Texas Transportation Code section 724.012(b)(3)(B). *See* TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011). Howard filed a motion to suppress the blood analysis results, challenging the warrantless blood draw on Fourth Amendment grounds.[3]

---

[2] This appeal, originally filed in the Third Court of Appeals, Austin, Texas, was transferred to the First Court of Appeals, Houston, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) (authorizing transfer of cases).

[3] Howard also argued that the warrantless blood draw violated the Texas Constitution. TEX. CONST. art. I, §§ 9, 10. We need not consider whether the warrantless blood draw violates the state constitution, however, because Howard did not separately brief his state and federal constitutional issues or argue that the Texas Constitution provides greater protection than the United States Constitution. *See Keehn v. State*, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009) (not reaching defendant's state constitutional issue regarding warrantless search because defendant did not brief state and federal constitutional issues separately); *Black v. State*, 26 S.W.3d 895, 896 (Tex. Crim. App. 2000) ("The [defendant] offers no reason for construing the Texas Constitution as conferring greater protection in

At the pre-trial hearing on Howard's motion to suppress, Sergeant A. Scott testified that he assisted Officer H. Miller in obtaining Howard's blood specimen. Sergeant Scott testified that he remained at the scene to inventory Howard's vehicle after Howard was arrested and transported to the jail. The arresting officer, Officer Miller, called Sergeant Scott and informed him that Howard had two previous DWI convictions and had refused to provide a breath specimen. At that point, Sergeant Scott met Howard and Officers Miller and N. Anderson at the hospital where Sergeant Scott assisted the officers in conducting a mandatory blood draw. Although Howard had agreed to provide a blood specimen at the jail, he revoked his consent to the blood draw at the hospital. Sergeant Scott testified that the officers did not attempt to obtain a warrant because once Howard refused to provide a breath specimen at the jail they "had the mandatory blood draw in effect." Sergeant Scott testified that he believed that Howard's consent to the blood draw was irrelevant in light of the mandatory blood draw statute.

The trial court denied Howard's motion to suppress. In its findings of fact and conclusions of law, the trial court found that there was no testimony as to any exigent circumstances that required the drawing of a blood specimen from Howard without a search warrant and that the blood specimen obtained from Howard was "mandated by Chapter 724, Texas Transportation Code." The trial court also

this area of the law than the federal constitution, and therefore we will not address his state constitutional argument.").

concluded that the warrantless blood draw was "authorized under the implied consent law of Chapter 724, Texas Transportation Code."

At trial, Officer Miller testified about the circumstances of the traffic stop that led to Howard's arrest and to his observations of Howard. Officer Miller testified that based on his observations, he believed that Howard was intoxicated.

Officer Anderson administered standardized field sobriety tests to Howard at the scene. Officer Anderson testified that although he was previously certified to administer such tests, his certification had lapsed as of the date of the arrest. He also testified that all of the tests he administered to Howard were flawed in some respect. Although the court allowed Officers Miller and Anderson to testify regarding their observations of Howard, Officer Anderson was prohibited from opining about whether he believed that Howard was intoxicated based upon his performance on the field sobriety tests.

Dusky Wells, the medical technologist who drew Howard's blood specimen, and Marissa Silva, the forensic scientist with the Texas Department of Public Safety Laboratory in Midland who analyzed the blood specimen, also testified for the State. According to Silva, Howard's blood sample contained 0.198 grams of ethanol per 100 milliliters, which was over twice the legal limit in Texas.

**Warrantless Blood Draw**

Howard contends that the trial court erred in denying his motion to suppress the blood analysis results because the evidence resulted from a warrantless, non-consensual blood draw that violated the Fourth Amendment.

## A.    Standard of Review and Applicable Law

We review a trial court's denial of a motion to suppress evidence under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and we review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Gonzales v. State*, 369 S.W.3d 851, 854 (Tex. Crim. App. 2012). At a suppression hearing, the trial court is the sole and exclusive trier of fact and judge of the witnesses' credibility, and it may choose to believe or disbelieve all or any part of the witnesses' testimony. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

When the trial court enters findings of fact, the appellate court considers all of the evidence in the record and "must determine whether the evidence supports those facts by viewing the evidence in favor of the trial court's ruling." *Castro v. State*, 373 S.W.3d 159, 164 (Tex. App—San Antonio 2012, no pet.) (citing *Keehn*

*v. State*, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009)). Additionally, an appellate court must "uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case." *State v. Iduarte*, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008).

A blood draw conducted at the direction of a law enforcement officer is a search subject to the reasonableness requirement of the Fourth Amendment. *Schmerber v. California*, 384 U.S. 757, 767, 86 S. Ct. 1826, 1834 (1966); *State v. Villarreal*, No. PD–0306–14, 2014 WL 6734178, at *9 (Tex. Crim. App. Nov. 26, 2014) (reh'g granted). A warrantless search of a person is unreasonable unless it falls within a recognized exception to the warrant requirement. *Villarreal*, 2014 WL 6734178, at *8 (citing *Missouri v. McNeely*, 133 S. Ct. 1552, 1558 (2013)); *see also Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 514 (1967) (holding that warrantless search or seizure is per se unreasonable unless it falls under recognized exception to warrant requirement). Voluntary consent to search and the existence of exigent circumstances are two of the recognized exceptions. *See McNeely*, 133 S. Ct. at 1558; *Villarreal*, 2014 WL 6734178, at *8.

## B.    Mandatory Blood Draw/Implied Consent Statutes

The State argues that the trial court did not abuse its discretion in admitting the blood analysis results because the warrantless blood draw was mandated by Transportation Code section 724.012(b)(3)(B), and alternatively, that Howard is

deemed to have consented to the blood draw pursuant to Transportation Code section 724.011(a). *See* TEX. TRANSP. CODE ANN. § 724.011(a) (West 2011) (providing that person arrested for DWI "is deemed to have consented, subject to this chapter, to submit to the taking of one or more specimens of the person's breath or blood for analysis to determine the alcohol concentration"); *id.* § 724.012(b)(3)(B) (providing for mandatory-blood-specimen collection for person twice before convicted of DWI). We construe these arguments as asserting that the mandatory blood draw statute and the implied consent statute each constitute an exception to the Fourth Amendment's warrant requirement.

While this case has been pending on appeal, the Court of Criminal Appeals considered the question of whether a warrantless search of a DWI suspect's blood conducted pursuant to section 724.012(b) complied with the Fourth Amendment. *See Villarreal*, 2014 WL 6734178, at \*6–8. In doing so, the court rejected both arguments advanced by the State. Specifically, the court held that the mandatory blood draw statute (§ 724.012(b)) does not constitute a recognized exception to the warrant requirement. *See id.* at \*8, 17–18; *see also Perez v. State*, No. 01-12-01001-CR, 2015 WL 1245469, at \*8 (Tex. App.—Houston [1st Dist.] Mar. 17, 2015, pet. filed). The Court of Appeals also rejected the argument that the implied consent statute (§ 724.011(a)) constitutes an exception to the warrant requirement and held that "in the context of a nonconsensual, warrantless bodily search of a

7

person suspected of criminal activity, a statute providing for irrevocable implied consent cannot supply the type of voluntary consent necessary to establish an exception to the Fourth Amendment warrant requirement." *Villarreal*, 2014 WL 6734178, at \*14. The court concluded that "implied consent that has been withdrawn or revoked by a suspect cannot serve as a substitute for the free and voluntary consent that the Fourth Amendment requires." *Id.* at \*11. In this case, the State conceded at the suppression hearing that Howard revoked his consent to the blood draw at the hospital.

## C.    Exclusionary Rule

The State further contends that even if the blood draw violated Howard's Fourth Amendment rights, the trial court was nevertheless correct in admitting the evidence because the state and federal exclusionary rules are inapplicable. Specifically, the State argues that there are applicable good-faith exceptions to the federal exclusionary rule and the Texas exclusionary rule does not apply because the police did not obtain the evidence in violation of the law, as the law existed at the time of the blood draw.

The State argues that the federal exclusionary rule does not bar admission of the evidence in this case because the officer relied in good faith on the mandatory blood draw statute and on binding judicial precedent. *See Davis v. United States*, 131 S. Ct. 2419, 2423–24, 2434 (2011) (stating that officer's good-faith reliance on

binding case law is exception to federal exclusionary rule)*; Illinois v. Krull*, 480 U.S. 340, 360, 107 S. Ct. 1160, 1172 (1987) (stating that officer's good-faith reliance on statute is exception to federal exclusionary rule).

The Texas exclusionary rule provides that "[n]o evidence obtained . . . in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." TEX. CODE CRIM. PROC. art. 38.23 (West 2005). The Court of Criminal Appeals has previously held that "exceptions to the federal exclusionary rule only apply to the Texas statutory exclusionary rule if they are consistent with the plain language of the statute." *Douds v. State*, 434 S.W.3d 842, 861 (Tex. App.—Houston [14th Dist.] 2014, pet. granted). Unlike the federal rule, the plain language of Texas's statutory exclusionary rule only expressly recognizes one good-faith exception and that is for "a law enforcement officer *acting in objective good faith reliance upon a warrant* issued by a neutral magistrate based on probable cause." TEX. CODE CRIM. PROC. art. 38.23(b) (emphasis added). Accordingly, we decline to apply the federal good-faith exceptions urged by the State to the Texas exclusionary rule set forth in Article 38.23 because the federal exceptions are not "consistent with the plain language of the [Texas] statute," which only recognizes one exception based on an officer's good-faith reliance upon a warrant. *See State v. Tercero*, No. 01-14-

9

00120-CR, 2015 WL 1544519, at *7 (Tex. App.—Houston [1st Dist.] Apr. 2, 2015, pet. filed) (declining to apply another federal good-faith exception to Texas exclusionary rule because federal exception was "inconsistent with the text of article 38.23"); *see also Weems v. State*, 434 S.W.3d 655, 666 (Tex. App.—San Antonio 2014, pet. granted) (rejecting argument that officer's good-faith reliance on mandatory blood draw and implied consent statutes constituted good-faith exception to article 38.23).

The State also argues that the Texas exclusionary rule is inapplicable because "[a]t the time of the blood draw, Texas case law clearly held that alcohol dissipation alone constituted exigent circumstances in DWI cases." According to the State, "*McNeely* changed the law when it rejected a per se exigency in DWl cases, but *McNeely* was issued after the search in this case." This court recently addressed a similar argument and concluded that *McNeely* did not set out a new constitutional rule, but rather clarified *Schmerber* and reaffirmed the Supreme Court's prior rulings regarding the admissibility of blood evidence acquired without a warrant. *See Tercero*, 2015 WL 1544519, at *7.

## D. Harm Analysis

We review the harm resulting from a trial court's erroneous denial of a motion to suppress and subsequent admission of evidence obtained in violation of the Fourth Amendment under the constitutional harmless-error standard. TEX. R.

APP. P. 44.2(a); *see Hernandez v. State*, 60 S.W.3d 106, 108 (Tex. Crim. App. 2001) (mandating application of rule 44.2(a) to harm analysis of trial court's erroneous denial of motion to suppress under Fourth Amendment). This standard requires us to reverse the trial court's judgment of conviction unless we determine "beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a).

Here, the jury charge instructed the jurors that "[a] person is deemed to be intoxicated within the meaning of the law when he does not have the normal use of his mental or physical faculties by reason of the introduction of alcohol in his body, or having an alcohol concentration of 0.08 or more." The State presented the testimony of Officers Miller and Anderson regarding Howard's conduct leading up to and following his arrest as evidence of intoxication. The State also presented the testimony of the medical technologist who took Howard's blood sample on the night he was arrested. Finally, the State presented the testimony of a forensic scientist who testified that Howard's blood sample contained 0.198 grams of ethanol per 100 milliliters and that this amount of alcohol was over twice the legal limit in Texas.

Given the testimony regarding the taking of Howard's blood sample and his toxicology results and the jury's instruction that intoxication means, in part, "having an alcohol concentration of 0.08 or more," we cannot determine beyond a

11

reasonable doubt that the error did not contribute to Howard's conviction. *See Perez*, 2015 WL 1245469, at *9–10; *Weems*, 434 S.W.3d at 667.

We conclude that the warrantless taking of Howard's blood sample in this case violated his Fourth Amendment rights by requiring him to submit to a blood test without a warrant or a recognized exception to the warrant requirement and that this error was harmful.

We sustain Howard's complaint that the trial court erred in denying his motion to suppress evidence relating to the warrantless blood draw.

## Conclusion

We reverse the trial court's judgment and remand for a new trial consistent with this opinion.


Russell Lloyd
Justice


Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).