# NO. 12-21-00177-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KARLUS EMANUEL FLANAGAN,*<br>*APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Karlus E. Flanagan appeals his conviction for possession of a firearm by a felon. In one issue, Appellant argues that the trial court abused its discretion in overruling his motion to suppress. We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of a firearm by a felon and pleaded "not guilty." Appellant later filed a motion to suppress, in which he argued that the arresting officer lacked reasonable suspicion to initiate the traffic stop and, as a result, the evidence discovered during the ensuing search of his vehicle should be suppressed. The trial court overruled Appellant's motion. The matter proceeded to a bench trial, at which the trial court found Appellant "guilty" as charged and sentenced him to imprisonment for four years. This appeal followed.

## MOTION TO SUPPRESS

In his sole issue, Appellant argues that the trial court abused its discretion by overruling his motion to suppress. Specifically, he contends that the officer lacked reasonable suspicion to

initiate the traffic stop, which resulted in the search of his vehicle and the discovery of a firearm at issue.

**Standard of Review and Governing Law**

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010); *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). At a suppression hearing, a trial court is the exclusive trier of fact and judge of the witnesses' credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or to disbelieve all or any part of a witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). However, a trial court has no discretion in determining what the law is or applying the law to the facts. *State v. Kurtz*, 152 S.W.3d 72, 81 (Tex. Crim. App. 2004). Thus, a failure by a trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*

A routine traffic stop closely resembles an investigative detention. *Powell v. State*, 5 S.W.3d 369, 375 (Tex. App.–Texarkana 1999, pet. ref'd). Because an investigative detention is a seizure that implicates the United States and Texas constitutions, the traffic stop must be reasonable. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; *Francis v. State*, 922 S.W.2d 176, 178 (Tex. Crim. App. 1996). To determine the reasonableness of an investigative detention, we conduct the inquiry set forth by the United States Supreme Court in *Terry v. Ohio*: (1) whether the officer's action was justified at its inception and (2) whether it was reasonably related in scope to the circumstances that initially justified the interference. 392 U.S. 1, 19–20, 88 S. Ct. 1868, 1879, 20 L.Ed.2d 889 (1968); *Davis v. State*, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997).

Under the first guideline, an officer's reasonable suspicion justifies an investigative detention. *Davis*, 947 S.W.2d at 242–43. Specifically, the officer must have a reasonable suspicion that some activity out of the ordinary is occurring or has occurred. *Id.* at 244 (citing

*Garza v. State*, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989)). To determine whether an officer was reasonable in his or her initial action, we ask whether, in light of the officer's experience and knowledge, there existed specific, articulable facts which, taken together with rational inferences from those facts, reasonably warranted an intrusion. *Id.* at 242. "If an officer has a reasonable basis for suspecting that a person has committed a traffic offense, the officer may legally initiate a traffic stop." *Zervos v. State*, 15 S.W.3d 146, 151 (Tex. App.–Texarkana 2000, pet. ref'd).

**Discussion**

Here, with regard to Appellant's motion to suppress, the trial court made the following, written findings of fact and conclusions of law:

> • Both the State and the Defense stipulated that there was no arrest warrant for the Appellant.
>
> • The State then called Nacogdoches Police Department Officer, Chris Snider; the officer who made the initial stop of the Appellant.
>
> • Officer Snider testified that he pulled over Appellant's vehicle based on his observation of the Appellant making a wide right turn at an intersection which constituted a violation of Texas Transportation Code section 545.101. A video depicting the Appellant making a wide right turn at the intersection was admitted into evidence and reviewed by Judge Cox.
>
> • Officer Snider further testified that upon approaching Appellant's vehicle he detected the odor of marijuana and based upon same, conducted a search of Appellant's vehicle which resulted in the discovery of a firearm in the glove box.
>
> • The Appellant was given Miranda warnings and following administration of same, admitted to his intentionally and knowingly being in possession of a firearm, specifically, Defendant admitted that he had been holding the firearm for several days for an individual named Berry.
>
> • At the conclusion of the hearing on Appellant's Motion to Suppress, Judge Cox denied Defendant's Motion and the case proceeded to trial.

At the hearing on Appellant's motion to suppress, Nacogdoches Police Officer Chris Snider testified that on January 14, 2019, in Nacogdoches County, Texas, he observed a driver commit a traffic violation in that the driver made a "wide right turn" at the intersection of West Main Street and University Boulevard.[1] Snider explained that in making this righthand turn onto a four-lane divided road, Appellant turned into the "inside," northbound lane nearest to the center line rather than the outside lane nearest to the curb. Snider's patrol car video depicting the

---

[1] To make a right turn at an intersection, an operator shall make both the approach and the turn as closely as practicable to the right-hand curb or edge of the roadway. TEX. TRANSP. CODE ANN. § 545.101(a) (West 2011).

incident was admitted into evidence at the hearing on Appellant's motion to suppress. The video supports Snider's testimony as to the manner in which the driver made the turn. Snider testified that based on this traffic violation, he initiated a traffic stop on the vehicle. He identified Appellant as the driver of the vehicle and stated that as he approached the vehicle, he smelled the odor of marijuana.[2] Snider testified that as a result, he conducted a search of the vehicle and discovered a firearm in the glove compartment. After he determined that the firearm had been reported stolen and Appellant had a prior felony conviction, Snider placed Appellant under arrest. Snider further stated that after Appellant was read his *Miranda* rights, he acknowledged that he was aware that the firearm was in his vehicle.

Appellant argues that Snider's testimony that he made a "wide right turn" is insufficient to demonstrate that he violated Section 545.101(a) and the State offered no specific, articulable facts about whether turning into the inside lane would have been practicable under the circumstances on the day in question. We disagree. Several of our sister courts have held that evidence that a police officer observed a driver make a wide right turn into the far lane of a multilane roadway provides the officer with reasonable suspicion to conduct a traffic stop based on a violation of Section 545.101. *See, e.g.*, **Hughes v. State**, 334 S.W.3d 379, 385–86 (Tex. App.–Amarillo 2011, no pet.) (evidence that appellant made wide right turn into the southmost lane, which was not lane which would have been as close as practicable to the curb was violation of Section 545.101(a) amounted to specific articulable facts upon which to base temporary detention of appellant); *see also* **Rodriguez v. State**, No. 02-18-00159-CR, 2018 WL 3153479, at *1, 3 (Tex. App.–Fort Worth June 28, 2018, no pet.) (mem. op., not designated for publication) (testimony from officers along with video evidence, which depicted appellant's vehicle make righthand turn onto three-lane freeway access road by driving across righthand and center lanes of the access road and continuing in lefthand lane, demonstrated that officers had probable cause to initiate traffic stop because they observed appellant commit traffic violation); **Gonzales v. State**, No. 05-09-01296-CR, 2011 WL 5119440, at *2 (Tex. App.–Dallas Oct. 28, 2011, pet. ref'd) (op., not designated for publication) (officer's testimony that he saw appellant make

---

[2] As Snider noted in his testimony, this incident occurred prior to the June 10, 2019 effective date of the amendment to Texas Health and Safety Code, Section 481.002(26), which excludes "hemp" from the definition of "marihuana." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(26)(F) (West Supp. 2021); Acts 2019, 86th Leg., ch. 764 (H.B. 1325), § 8, eff. June 10, 2019; *see also* TEX. AGRIC. CODE ANN. § 121.001 (West Supp. 2021) ("hemp" means "the plant Cannabis sativa L. and any part of that plant, including the seeds of the plant and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis").

improper wide right turn onto a four-lane road with two northbound lanes and two southbound lanes wherein appellant turned into the left inside lane of the road instead of turning into the right lane, which was closest to the curb was sufficient to create reasonable suspicion that appellant committed traffic violation). Accordingly, we conclude that Snider's testimony and the video admitted at the hearing on Appellant's motion to suppress align with the trial court's findings of fact and conclusions of law and sufficiently demonstrate that Snider possessed reasonable suspicion to temporarily detain Appellant, who he observed commit a traffic violation. *See* TEX. TRANSP. CODE ANN. § 545.101(a) (West 2011). Therefore, we hold that the trial court did not abuse its discretion in overruling Appellant's motion to suppress. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered June 30, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2022

NO. 12-21-00177-CR

**KARLUS EMANUEL FLANAGAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1924142)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*