# NO. 12-23-00085-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CODIE BOONE KOCHIN,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Codie Boone Kochin appeals his conviction for possession of between two and four grams of methamphetamine with intent to deliver. In one issue, Appellant argues that the trial court abused its discretion in overruling his motion to suppress. We affirm.

## BACKGROUND

On December 23, 2020, Smith County Sheriff's Department Deputies Michael Skinner and Kevin VanHorn initiated a traffic stop on a pickup truck, whose driver made an illegal, wide-right turn at an intersection. Upon further investigation, the deputies determined that Appellant, the vehicle's passenger, had an active warrant out of Upshur County, Texas. As a result, the deputies detained him and placed him in the back seat of a patrol car until the acceptance of the warrant could be "confirmed."[1]

Skinner asked the driver, Leslie Trent, for consent to search the vehicle. She declined, stating that it was not her vehicle. After Appellant was handcuffed and as he was being secured in the patrol vehicle, he told VanHorn that the truck belonged to Jason Wisdom, who permitted

---

[1] VanHorn elaborated in his testimony that in December 2020, there was a COVID-19 outbreak in the jails of Smith County, Upshur County, and other surrounding counties. Thus, while the deputies were able to verify that there was an active warrant for Appellant's arrest, and Appellant was "under arrest" at that time, VanHorn described him as detained because they were waiting to confirm that the jail in Upshur County would accept him.

him to use it. VanHorn then asked Appellant if he would consent to deputies' searching the vehicle. Appellant declined to give consent.[2] Thereafter, Skinner again asked Trent for her consent to search the vehicle, explaining that, as the driver who had care and custody of the vehicle, she could consent to the search. At that point, she gave the deputies her consent to search the vehicle. During the ensuing search, Skinner discovered a large quantity of methamphetamine in a box on the passenger-side floorboard of the vehicle.

Appellant was charged by indictment with possession of between two and four grams of methamphetamine with intent to deliver. Appellant subsequently moved to suppress the evidence discovered during the search of the vehicle, arguing that the deputies had no warrant to conduct the search, he refused to give consent to such search, and Trent lacked authority to consent to the search, The trial court denied Appellant's motion.

Thereafter, Appellant pleaded "guilty as charged." Following a punishment hearing, the trial court sentenced Appellant to imprisonment for thirty years. This appeal followed.

### MOTION TO SUPPRESS - AUTHORITY TO CONSENT TO SEARCH

In his sole issue, Appellant argues that the trial court abused its discretion in denying his motion to suppress.

### Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010); *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). At a suppression hearing, a trial court is the exclusive trier of fact and judge of the witnesses' credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or to disbelieve all

---

[2] The record reflects that neither Appellant nor Trent is the registered owner of the vehicle. Appellant claimed that the owner lent him the vehicle. While driving the vehicle on the night in question, Appellant asked Trent to drive because he was fatigued.

or any part of a witness's testimony. ***State v. Ross***, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). However, a trial court has no discretion in determining what the law is or applying the law to the facts. ***State v. Kurtz***, 152 S.W.3d 72, 81 (Tex. Crim. App. 2004). Thus, a failure by a trial court to analyze or apply the law correctly constitutes an abuse of discretion. ***Id.***

## Governing Law

Consent is an established exception to the warrant requirement. ***Robertson v. State***, 636 S.W.3d 740, 748 (Tex. App.–Eastland 2021, no pet.); *see **Schneckloth v. Bustamonte***, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043–44, 36 L.Ed.2d 854 (1973). A third party can consent to a search to the detriment of another's privacy interest if the third party has actual authority over the place or thing to be searched. *See **State v. Rodriguez***, 521 S.W.3d 1, 10 (Tex. Crim. App. 2017) (citing ***United States v. Matlock***, 415 U.S. 164, 170, 94 S. Ct. 988, 993, 39 L.Ed.2d 242 (1974); ***Hubert v. State***, 312 S.W.3d 554, 560 (Tex. Crim. App. 2010)); *see also **Maxwell***, 73 S.W.3d at 281 (legal property interest not dispositive in determining whether third party has authority to consent to search; common authority derives from mutual use of property, not ownership or lack thereof). "But actual authority is not necessarily a prerequisite for a valid consensual search. If an officer reasonably, though mistakenly, believes that a third party purporting to provide consent has actual authority over the place or thing to be searched, apparent authority exists." ***Rodriguez***, 521 S.W.3d at 10 (citing ***Illinois v. Rodriguez***, 497 U.S. 177, 186, 110 S. Ct. 2793, 2800, 111 L.Ed.2d 148 (1990); ***Hubert***, 312 S.W.3d at 561). "Apparent authority is judged under an objective standard: 'Would the facts available to the officer at the moment warrant a man of reasonable caution in the belief that the consenting party had authority over the premises?'" ***Rodriguez***, 521 S.W.3d at 10 (quoting ***Limon v. State***, 340 S.W.3d 753, 756 (Tex. Crim. App. 2011)).

Because of societal understanding and expectations, the driver of a vehicle typically has a superior right to consent to a search of the vehicle as compared to the occupants of a vehicle. ***State v. Copeland***, 399 S.W.3d 159, 163–64 (Tex. Crim. App. 2013). But after a vehicle is stopped on a public roadway, events may transpire which change the positions of the occupants in the hierarchy of the vehicle and which likely would change society's expectations with respect to which occupant controls the vehicle. ***Id.*** at 164 (citing examples of events that likely would change society's expectations, including consideration of passenger's control over vehicle as equal, and possibly superior, to that of driver). For example, the driver may give control of the

vehicle to a passenger after he is arrested, and, thus, "a driver's control may quickly and unexpectedly be relegated to another as circumstances change." *Id.* at 164–65 (citing *Welch v. State*, 93 S.W.3d 50, 53 (Tex. Crim. App. 2002)).

*Copeland* involved a driver who consented to a search of a vehicle. *Copeland*, 399 S.W.3d at 160. However, a passenger claiming to be the owner of the vehicle objected to the search. *Id.* In conducting its analysis, the court of criminal appeals considered *Georgia v. Randolph*, 547 U.S. 103, 123, 126 S. Ct. 1515, 164 L.Ed.2d 208 (2006), in which the Supreme Court held that a co-tenant of a residence may disallow police to search a residence after a fellow tenant has consented to a search. But ultimately, in *Copeland*, the court held that the holding in *Randolph* does not extend to vehicle occupants to permit an objecting vehicle occupant to disallow consent given by another occupant. *Copeland*, 399 S.W.3d at 159–64.

In *Welch*, after the driver gave control of the vehicle to a passenger post-arrest, the passenger gave police consent to search the vehicle. *See Welsch*, 93 S.W.3d at 51. Previously, the driver, who owned the vehicle, refused to give police consent to search. *See id.* The court of criminal appeals concluded that the consent from the passenger was effective because at the time she consented to the search, she had equal control and equal use of the vehicle. *See id.* at 52–53; *see also Copeland*, 399 S.W.3d at 166 n.7 (discussing *Welch*).

**Discussion**

In the instant case, the record reflects that after Appellant, who was placed under arrest, refused to consent to the search of the vehicle, Trent, who initially declined consent, thereafter gave her consent to the deputies to search the vehicle. It is undisputed that neither Appellant nor Trent owned the vehicle; each was a permissive user. Appellant argues that because the vehicle's registered owner lent the vehicle to him, his right to privacy as to the vehicle is superior to Trent's and, thus, she could not give consent to search when he refused to do so. But we cannot disregard the fact that (1) Trent nonetheless had Appellant's permission to drive the vehicle and only was doing so because Appellant was too fatigued to drive, and (2) Appellant was under lawful arrest when Trent ultimately consented to the search. Thus, the record reflects that at the time when she began driving the vehicle, Trent exercised at least equal control and management over it as did Appellant because Appellant was too fatigued to operate the vehicle. Ultimately, once Appellant was arrested, and when Trent gave her consent to the search, she was in exclusive control and management of the vehicle.

We conclude based on the totality of the circumstances that the facts available to the deputies in that relevant moment would warrant a person of reasonable caution to believe that Trent had authority over the vehicle. *See **Rodriguez***, 521 S.W.3d at 10; *cf. **Welsch***, 93 S.W.3d at 52–53. Thus, we hold that the trial court did not abuse its discretion in denying Appellant's motion to suppress. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's first issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered September 29, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 29, 2023**

**NO. 12-23-00085-CR**

**CODIE BOONE KOCHIN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0631-21)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*