

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00446-CR

---

JOSE JUAN ANCHONDO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 082968-E-CR, Honorable Douglas R. Woodburn, Presiding

---

June 5, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Jose Juan Anchondo, appeals from his conviction for driving while intoxicated. Through one issue, he contends the trial court erred when it denied his motion to suppress. Allegedly, the police officer who conducted the initial stop did not have a reasonable basis on which to do so. We affirm.

### Background

On July 16, 2022, Corporal Marcus Bettag of the Amarillo Police Department was monitoring the "entertainment corridor" in downtown Amarillo, "looking for intoxicated patrons, other violations, alcohol related . . . ." In doing so, he observed appellant commit a traffic offense, namely taking a wide right turn, in violation of § 545.101 of the Texas Transportation Code. He made this observation while participating in the arrest of an intoxicated patron outside an establishment. It was almost 2:00 a.m. when Bettag saw appellant make the turn "at such a high rate of speed he shot past the lane of traffic into the [middle] turning lane [on Polk] where our patrol cars were parked." "[A]t least 50 percent of his vehicle was in that [center] turning lane." If appellant continued the path he started, he "would go head-on with one of the patrol vehicles that was parked there," in the center turning lane. This allegedly provided the officer reasonable suspicion to stop appellant's vehicle due to the wide right turn that "was incredibly dangerous with the amount of foot traffic in the area."

Based on his experience, Bettag was concerned appellant was intoxicated. After officers made contact, conducted field sobriety tests, and obtained a consensual breath sample, they arrested him.

### Analysis

Through his sole issue, appellant argues the trial court erred in denying his motion to suppress because the officer lacked legitimate basis to conduct the stop. We overrule the issue.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review: fact findings are reviewed for an abuse of discretion and applications of law

2

are reviewed de novo. *State v. Ruiz*, 581 S.W.3d 782, 785 (Tex. Crim. App. 2019). We must sustain the trial court's application of the law if it is correct under any applicable theory of law and the record reasonably supports the ruling. *Id.* Further, at a suppression hearing, a trial court is the exclusive trier of fact and judge of the witnesses' credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).

Next, a law enforcement officer may make a warrantless stop on reasonable suspicion of a traffic violation. *Green v. State*, Nos. 07-19-00411-CR, 07-19-00412-CR, 07-19-00413-CR, 2021 Tex. App. LEXIS 5589, at *9 (Tex. App.—Amarillo July 14, 2021, pet. ref'd) (mem. op., not designated for publication). It was not necessary to show that appellant actually violated a traffic regulation, however. *Id.*; *accord, Leming v. State*, 493 S.W.3d 552, 561 (Tex. Crim. App. 2016) (noting same).

To reiterate, Bettag testified to seeing appellant make a turn "at such a high rate of speed he shot past" the right-hand lane into which he should have turned. Furthermore, 50% of his truck entered the center turning lane wherein were parked patrol cars. At the time, the street onto which appellant turned was lined with parked cars, while pedestrians walked about. In so turning, appellant violated § 545.101 of the Texas Transportation Code, according to the officer.

Section 545.101 states that, "[t]o make a right turn at an intersection, an operator shall make both the approach and the turn as closely as practicable to the right-hand curb or edge of the roadway." *See* TEX. TRANSP. CODE ANN. § 545.101(a). We have held that an officer witnessing a turn where the vehicle failed to stay as close to the right-hand curb as practicable provided reasonable suspicion to conduct a stop under § 545.101. *See*,

3

*e.g.*, *Hughes v. State*, 334 S.W.3d 379, 385-86 (Tex. App.—Amarillo 2011, no pet.) (evidence that appellant made a wide right turn into the southmost lane, which was not the lane which would have been as close as practicable to the curb was violation of § 545.101(a) amounted to specific articulable facts on which to base a temporary detention of appellant). Other courts have done so, too. *See Flanagan v. State*, No. 12-21-00177-CR, 2022 Tex. App. LEXIS 4541, at *5 (Tex. App.—Tyler June 30, 2022, no pet.) (mem. op., not designated for publication) (finding evidence of a wide turn sufficient to support a reasonable suspicion to stop under § 545.101(a)); *Powers v. State*, No. 14-03-00442-CR, 2004 Tex. App. LEXIS 2386, at *3 (Tex. App.—Houston [14th Dist.] Mar. 16, 2004, no pet.) (mem. op., not designated for publication) (wherein the officer testified the vehicle driven by defendant made a right-hand turn into a left northbound lane which, in his opinion, violated § 545.101). The trial court having the discretion to believe Bettag's testimony and that testimony describing a "wide turn" resulting in entry into the center turning lane of Polk Street, we cannot say the trial court abused its discretion in finding the officer had reasonable suspicion to conduct a traffic stop of appellant. *State v. Gleason*, No. 07-01-0197-CR, 2002 Tex. App. LEXIS 6815, at *5-6 (Tex. App.—Amarillo Sep. 20, 2002, no pet.) (mem. op., not designated for publication) (holding that the trial court, as fact finder, was free to believe or disbelieve all or any part of the testimony imparted by the sole witness). To paraphrase a sister court, "It was not relevant to the trial court's reasonable-suspicion analysis whether [appellant] actually committed a traffic offense; it was sufficient that [Bettag] credibly testified to articulable facts to establish reasonable suspicion of a traffic offense." *See State v. Dodhiya*, Nos. 01-18-00967-CR, 01-18-01095-CR, 2020 Tex. App. LEXIS 4099, at *6-7 (Tex. App.—Houston [1st Dist.]

4

May 28, 2020, pet. ref') (mem. op., not designated for publication).  And, the officer did,

here.  The trial court did not err in denying appellant's motion to suppress.

Having overruled the sole issue, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.